**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CASE NOS.  19-mj-289 (GMH)** |
| | **:** | **19-mj-294 (GMH)** |
| **JOY IHUOMA UTOKANANDU,** | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Defendant is currently charged by Information in two matters pending before the Court.  In the first matter, Defendant is charged with one count of Entering or Remaining in Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1), and one count of Unlawful Entry (Public Property), in violation of D.C. Code § 22-3302(b).  Information at 1–2, No. 19-mj-289, ECF No. 6.  Upon her release, Defendant allegedly violated her conditions of release and was charged with one count of Contempt of Court for Violation of a Release Condition, in violation of 18 U.S.C. §§ 401(3) and 3148.  Information at 1, No. 19-mj-294, ECF No. 12.

On November 27, 2019, the government moved for a preliminary competency screening of Defendant; counsel for Defendant did not object to the request.  The undersigned granted the motion and entered an Order directing that Defendant be examined by the D.C. Department of Behavioral Health, Pretrial and Assessment Branch ("DBH") for a preliminary assessment of Defendant's competency.  Order at 1, No. 19-mj-289, ECF No. 9; No. 19-mj-294, ECF No. 4.  The Court received a report ("Psychiatric Report") from DBH on December 4, 2019, in which the forensic psychologist who examined Defendant stated "with a reasonable degree of psychological certainty that the defendant is incompetent to stand trial."  Psychiatric Report at 3, No. 19-mj-289, ECF No. 10; No. 19-mj-294, ECF No. 5.  The Court held hearings on December 5, 9, and 13, 2019, to discuss Defendant's competency to stand trial and potential revocation of her bond due to her

alleged violation of her conditions of release, as charged in No. 19-mj-294.  At those hearings, the

parties did not contest DBH's preliminary assessment that Defendant was incompetent to stand

trial.  Upon consideration of the Psychiatric Report, as well as the agreement of the parties, the

Court found by a preponderance of the evidence that Defendant was suffering from a mental dis-

ease or defect rendering her mentally incompetent to the extent that she was unable to understand

the nature and consequences of the proceedings against her or to assist properly in her defense.

Competency Order at 2, No. 19-mj-289, ECF No. 11; No. 19-mj-294, ECF No. 6.  The Court

therefore ordered Defendant committed to the custody of the Attorney General for hospitalization

in the Federal Medical Center, Carswell ("FMC-Carswell") in Fort Worth, Texas, or other suitable

facility, for a reasonable period not to exceed four months as necessary for treatment and a deter-

mination of whether there was a substantial probability that she would attain the capacity to permit

the pending actions to continue in the foreseeable future, in accordance with 18 U.S.C. §

4241(d)(1).[1]  *Id*.

A Warden at FMC-Carswell informed the Court that Defendant arrived at the facility on

January 14, 2020.  Letter at 1, No. 19-mj-289, ECF No. 18; No. 19-mj-294, ECF No. 14.  On May

1, 2020, counsel for Defendant informed this Court that Defendant was being forcibly medicated

at FMC-Carswell and indicated his opposition to such treatment.  Counsel for Defendant filed an

Emergency Motion to Stay Forced Medication on May 4, 2020.  No. 19-mj-289, ECF No. 22; Case

No. 19-mj-294, ECF No. 18.  The undersigned held a hearing on that motion on May 5, 2020.

---

[1] Notably, the parties did not contest the Court's interpretation of 18 U.S.C. § 4247(b) to find that the statute per-
mits, but does not require, the Court to order an additional competency assessment of a defendant for up to thirty
days.  Rather, the parties concurred that the Court could bypass this additional evaluation period and instead order
that Defendant be sent immediately to a suitable facility for a full competency evaluation, which is what the Court
ordered.

Upon consideration of the parties' briefs, the materials from the hearing that took place at FMC-Carswell regarding the involuntary medication of Defendant (No. 19-mj-289, ECF No. 24; No. 19-mj-294, ECF No. 20), and for the reasons stated on the record at the hearing on May 5, 2020, the undersigned entered a Temporary Restraining Order ("TRO") enjoining FMC-Carswell from administering any further forced medication to Defendant (No. 19-mj-289, ECF No. 26; No. 19-mj-294, ECF No. 22).  On May 6, 2020, counsel for the government informed the Court and counsel for Defendant via email that Defendant had voluntarily consented to taking medication and that FMC-Carswell would not forcibly medicate her further, in accordance with this Court's TRO.  The undersigned deemed the TRO moot on May 15, 2020.  Order at 3, No. 19-mj-289, ECF No. 29; No. 19-mj-294, ECF No. 25.

On May 12, 2020, the Court received an email from one of Defendant's treatment providers, Forensic Psychologist Matthew Opesso, indicating that he believed Defendant was not competent at that time, but that there was still "a substantial probability that she can be restored to competency."  The parties concurred that Defendant should remain at FMC-Carswell pending the Court's ruling on an anticipated official request from FMC-Carswell for an extension of time within which to evaluate Defendant's competency, and the undersigned so ordered.  No. 19-mj-289, ECF No. 29; No. 19-mj-294, ECF No. 25.  The Court received a report ("May 2020 Forensic Evaluation") from FMC-Carswell via email on May 18, 2020, which was docketed under seal the next day.  No. 19-mj-289, ECF No. 30; No. 19-mj-294, ECF No. 27.  The May 2020 Forensic Evaluation, written by Dr. Opesso, detailed Defendant's medical history, the evaluation process, and Dr. Opesso's assessment of Defendant's competency.  *Id*.  Dr. Opesso concluded by finding that, in his professional opinion, Defendant "is presently not competent to stand trial."  *Id.* at 11.

3

However, Dr. Opesso also indicated that "[a]lthough [Defendant's] prognosis is poor at this time, there is a substantial likelihood that she could be restored to competency with a second 120-day period of evaluation and treatment . . . ." *Id.* at 10.

The parties appeared before the undersigned on May 29, 2020, to address whether the Court should order Defendant to remain at FMC-Carswell for an additional period of time in order to restore her to competency such that the pending matters may proceed. Defendant's appearance at this hearing was waived by her counsel. Neither counsel for Defendant nor counsel for the government contested Dr. Opesso's opinion that there was a "substantial probability" that Defendant could be restored to competency and that she should remain at FMC-Carswell for such purpose; however, the parties disagreed as to the appropriate length of the restoration period. After consideration of the parties' requests and the May 2020 Forensic Evaluation, the undersigned found that there was a substantial probability that, within an additional period of time, Defendant would attain the capacity to permit the proceedings to go forward and determined that an additional 120 days was a reasonable length of time pursuant to 18 U.S.C. § 4241(d)(2). Order at 2–3, No. 19-mj-289, ECF No. 31; No. 19-mj-294, ECF No. 28. The undersigned ordered, though, that FMC-Carswell notify the Court if Defendant regained competency at any point and provide a brief status report to the Court regarding Defendant's progress no later than 60 days from the date of the undersigned's order. *Id.* at 3.

On July 28, 2020, Dr. Opesso notified the Court via email that Defendant was competent to proceed, but that he "recommended that the remainder of this period of evaluation and treatment be used to observe whether [Defendant's] current competency is sustainable over time." The email was docketed under seal that day. No. 19-mj-289, ECF No. 32; No. 19-mj-294, ECF No. 29. At

a hearing before the undersigned on August 3, 2020, counsel for Defendant requested a brief con-

tinuance so he could speak with Defendant to determine whether she objected to remaining at

FMC-Carswell for the remainder of the 120 days despite Dr. Opesso having found her presently

competent.  Counsel for the government concurred in this request.  Based on those representations,

the undersigned set a status hearing for August 17, 2020, and ordered that personnel at FMC-

Carswell submit a full competency report by that date.  Order at 2, No. 19-mj-289, ECF No. 33;

No. 19-mj-294, ECF No. 30.  Dr. Opesso submitted a full competency report ("August 2020 Fo-

rensic Evaluation") on August 10, 2020.  No. 19-mj-289, ECF No. 34; No. 19-mj-294, ECF No.

31.  This August 2020 Forensic Evaluation outlined the evaluation procedures, which included

multiple interviews of Defendant and a review of her phone and email communications while she

resided at FMC-Carswell.  *See id.* at 3–4.  The report also indicated that Defendant was fully

compliant with her antipsychotic medication and believed the medication was benefitting her.  *Id.*

at 4.  She also acknowledged her need for continued treatment.  *Id.*  In addition, during Defendant's

time at FMC-Carswell, she received education about the judicial process and Court procedures.

*Id.* at 5.  Dr. Opesso noted that "[o]verall, [Defendant] appeared to have learned sufficient infor-

mation from her weekly competency restoration interventions to enable her to provide accurate

answers to relevant competency-related questions."  *Id.* at 7.  Dr. Opesso also indicated that

"[t]here was no evidence of delusional thoughts that would hinder her ability to aid counsel in her

own defense."  *Id.*  In conclusion, Dr. Opesso stated that, in his opinion, Defendant is "presently

competent to stand trial."  *Id.* at 8.  He emphasized, though, the importance of Defendant's contin-

ued compliance with her medication in order to maintain competency.  *Id.*

The undersigned held a competency/status hearing on August 17, 2020.  Again, Defendant was not present during the hearing.  Neither side objected to Dr. Opesso's conclusion that Defendant was competent to stand trial, and the undersigned found on the record that Defendant was competent to stand trial and ordered that a further status hearing be held to discuss other issues related to Defendant's pending charges.  On August 27, 2020, the undersigned held a status hearing at which Defendant appeared telephonically.  During the hearing, the parties again indicated that they did not object to the undersigned's finding that Defendant is presently competent to stand trial.

Upon consideration of the August 2020 Forensic Evaluation, the concurrence of the parties, Defendant's appropriate demeanor during the August 27, 2020 hearing, and the entire record in Nos. 19-mj-289 and 19-mj-294, the undersigned hereby

**FINDS** by "a preponderance of the evidence that [Defendant] has recovered to such an extent that [s]he is able to understand the nature and consequences of the proceedings against [her] and to assist properly in [her] defense."  18 U.S.C. § 4241(e).  In other words, the undersigned finds that Defendant is presently competent to stand trial.

**SO ORDERED.**

Date:  September 2, 2020                    _____
                                            G. MICHAEL HARVEY
                                            UNITED STATES MAGISTRATE JUDGE

6